# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00454-CV

---

### D. J. and A. S., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 312,083-B, THE HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

I agree with the Court's decision to affirm the district court's order. I write separately to emphasize two points. First, when terminating parental rights under Section 161.001(b)(1)(M), I believe that it is the Department's burden to prove by clear and convincing evidence that the prior termination decree is no longer subject to any pending appeal. *See In re P.W.*, 579 S.W.3d 713, 722–23 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The burden is not on the parent to prove otherwise. *See Santosky v. Kramer*, 455 U.S. 745, 761–68 (1982); *see also In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) ("[W]e strictly construe involuntary termination statutes in the parent's favor."). Second, whether the prior termination decree is no longer subject to any pending appeal is to be determined at the final hearing, when evidence is presented to the factfinder. I do not believe that the Department is excused from its burden of proof at trial merely upon the prior termination decree becoming final after trial.

In this case, the final hearing was held on July 13, 2020. At that time (1) the prior termination decree had been entered on June 29, 2019; (2) this Court had affirmed the termination decree on November 7, 2019 after a thorough review of the entire record for reversible error under the procedures mandated by *Anders v. California*, 386 U.S. 738 (1967), and concluded that Mother's appeal was frivolous and without merit; and (3) the Texas Supreme Court had denied Mother's petition for review on May 22, 2020. *See D.J. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-19-00448-CV, 2019 WL 5793118 (Tex. App.—Austin Nov. 7, 2019, pet. denied) (mem. op.). I conclude that these facts are sufficient to support the district court's finding that the prior termination decree was no longer subject to any pending appeal at the time of the final hearing in this case.

With these comments, I concur in the Court's judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Filed: March 3, 2021

2